# IN THE UNTIED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANTS'** |
| ) | **MOTIONS TO SEVER** |
| vs. ) | |
| ) | Case No. 1:11-cr-044 |
| Samuel Edward Scott, Steven Lee Scott, ) | |
| and Andrew George Scott, ) | |
| ) | |
| Defendants. ) | |

Before the Court are defendants Samuel Scott and Steven Scott's motions to sever filed on October 14, 2011, and October 17, 2011. See Docket Nos. 62 and 64. The Government filed responses in opposition to the motions on October 27, 2011. See Docket Nos. 71 and 72. The Court denies the motions to sever for the reasons set forth below.

## I.   BACKGROUND

On March 31, 2011, the Defendants were indicted in a four-count indictment. See Docket No. 1. In count one, Samuel Scott was charged with distribution of marijuana in violation of 21 U.S.C. § 841(a)(1). In count two, Samuel Scott and Steven Scott were charged with possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In count three, Samuel Scott and Steven Scott were charged with possession of a firearm in relation to a drug trafficking case in violation of 18 U.S.C. § 924(c)(1). In count four, Andrew Scott was charged with possession of a firearm by a drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

On October 14, 2011, Steven Scott filed a motion to sever his trial from the other Defendants. See Docket No. 64. On October 17, 2011, Samuel Scott filed a motion to sever. See

Docket No. 62. The Defendants contend that trying them together denies them the opportunity present exculpatory evidence from their co-defendants, and that the jury may find them guilty by association. The Government contends that the Defendants have not demonstrated that they would face real prejudice if their trials are not severed.

## II. LEGAL DISCUSSION

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Civ. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (citing United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989)). Rule 8(b) is to be construed liberally. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (citing Jones, 880 F.2d at 62).

Rule 14(a) of the Federal Rules of Criminal Procedure provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A motion to sever will only be granted "upon a showing of real prejudice to an individual defendant." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (quoting United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)). The prejudice must be "real" and "clear" and "[t]he defendant carries a heavy burden in making this

2

showing.  Id. (citing Sandstrom, 594 F.3d at 644).  Severing the defendants' trials is within the district court's discretion.  Id. (citing Sandstrom, 594 F.3d at 644).

Severance can be justified if the defendant shows "that the jury will be unable to compartmentalize the evidence as it relates to separate defendants."  Id. (quoting Sandstrom, 594 F.3d at 644).  The unavailability of co-defendant testimony can also justify severance:

> To be entitled to a severance based on the unavailability of testimony of a co-defendant, a defendant must show that the testimony, otherwise lost due to the co-defendant's assertion of the Fifth Amendment privilege against self-incrimination, would be substantially exculpatory. United States v. DeLuna, 763 F.2d 897, 920 (8th Cir.), cert. denied, 474 U.S. 980 (1985).  To be substantially exculpatory, the testimony must "do more than merely tend to contradict a few details of the government's case." United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993).

United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995).

The Defendants contend that their trials should be severed because the jury will be unable to compartmentalize the evidence against them and the exculpatory testimony of their co-defendants would be unavailable.  The Defendants have not provided any affidavits or summaries of the testimony they would provide on each other's behalf if the trials were severed. The Defendants have not shown that any co-defendants' testimony would be substantially exculpatory.  Nor have the Defendants sufficiently shown the risk of the jury being unable to compartmentalize the evidence against them.  A mere suggestion that the Defendants may be prejudiced is not enough to justify severance.  The Defendants have not met the heavy burden required to show they would be prejudiced by being tried together.  Accordingly, the Defendants' motions to sever are denied.

3

### III. CONCLUSION

The Court has reviewed the parties' briefs, the entire record, and relevant case law. The Defendants' motions to sever (Docket Nos. 62 and 64) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court